**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARBARA A. HAASE, | No. 17-36054 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05194-MAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted February 24, 2020[**]

Before:    FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Barbara A. Haase appeals the district court's affirmance of the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act (Act). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ did not err in evaluating the medical record, and substantial evidence supports the ALJ's findings that Haase received conservative treatment, had only minimal follow up with recommended treatment, findings on examination were normal or "fairly benign," and there were significant periods with no treatment or prescription medication. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (this court may "reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard"). *See also Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017) (the aggressiveness of treatment is evaluated in the context of the specific condition being treated). The ALJ did not err by not discussing a physical therapist's findings. *See Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ "need not discuss *all* evidence" and must only explain why "significant probative evidence has been rejected" (emphasis in original)).

The ALJ provided germane reasons to discount the opinion of physician's assistant Rashpal Raj because the opinion lacked support, Raj assessed limitations lasting only six months, and his opinion was less persuasive than that of examining physician Derek Leinenbach, who conducted a more thorough examination. *See*

2                                                                    17-36054

*Molina*, 674 F.3d at 1111 (ALJ may reject opinions from "other sources," including physician's assistants, by providing germane reasons). The ALJ did not err by giving significant weight to Dr. Leinenbach's opinion and to the opinion of medical advisor Drew Stevick. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ did not need to provide reasons where the ALJ did not reject the doctor's conclusions).

The ALJ provided specific, clear, and convincing reasons to discount Haase's testimony, including a lack of corroborating evidence, conservative treatment with minimal follow up, significant periods of time with no treatment or prescription medication, inconsistent statements concerning urinary disfunction, and because Haase stopped working for reasons unrelated to her impairment. *See Molina*, 674 F.3d at 1112; *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). The ALJ did not err in rejecting Haase's testimony that she had not sought treatment because she could not afford it, where the ALJ pointed to evidence that Haase had not tried to apply for medical insurance, she had not followed through with available treatment, and she had not sought alternative treatment from free clinics. *See Molina*, 674 F.3d at 113-14 (ALJ may discount testimony based on a finding that the claimant's proffered reason for not seeking treatment is not believable). Any error in discounting Haase's testimony

as inconsistent with her activities was harmless.  *See Molina*, 674 F.3d at 1115.

The ALJ did not err in formulating Haase's residual functional capacity (RFC) or posing hypotheticals to the vocational expert (VE).  Haase's arguments concerning the RFC repeat her allegations that the ALJ erred in evaluating the medical evidence and in discounting her symptom testimony.  Because Haase did not show harmful error in the earlier analysis, these arguments lack support. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

The ALJ did not err or violate her duty to develop the record by not giving the VE a letter from Haase.  The ALJ correctly determined that the letter challenged the RFC and did not present questions for the VE.  The ALJ considered Haase's allegations of pain and other symptoms in formulating the RFC.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (ALJ did not err where the RFC "contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record").

**AFFIRMED**.